## English's Ex'x v. Noe.

Nov. 14, 1944.

[black bars]

Claude E. Smith for appellant.

Wilson & Wilson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK——
—Affirming.

E. D. Farmer instituted this action originally against J. R. English to recover sums alleged to be due him for labor performed in dressing oil drilling tools which were used in drillng wells on the Asa Crawley lease in Ohio County. He sought a mechanic's lien on the lease. English died before an answer was filed and the action was revived in the name of his wife as executrix. Subsequently Mrs. English filed an answer and cross-petition making the appellee, A. D. Noe, Jr., trustee, a cross defendant. The basis of Mrs. English's claim against Noe was that her husband had purchased a drilling rig from Noe for $685. In consideration he was to drill three wells on the Crawley lease at the price of $1.25 a foot: and after the first well was drilled Noe refused to permit him to drill the other two. The executrix sought to recover the sum of $750, which she alleged would have been profit over and above the expenses of drilling the remaining two wells. A judgment went in favor of Mrs. English in the amount of $93.75; hence this appeal.

The proof for Mrs. English showed there was a written contract between Noe and her husband covering the purchase of the drilling rig and the drilling of the three wells, but the contract could not be located; $200 of the drilling charges for each well was to be applied on the purchase price of the rig; after the first well was drilled Noe refused to let English drill the other two; and $350 was a reasonable profit over and above expenses for the drilling of wells such as the ones in question. The proof for the appellee showed that he and English had a full settlement of their affairs, aside from a balance of $93.75, before the death of the latter. John G. Sharp, who was manager of Hotel Owensboro at the time of the transaction in question, testified that

570

Noe, who was an officer of the hotel company which owned Hotel Owensboro, authorized him to transact certain business with English. He said he knew of the arrangement under which English purchased the drilling rig; English did some drilling on the Crawley lease; he told him there was a balance due him on that lease of $928.75, with credits of $485 and $25, the latter sum being a cash item which he advanced to English; the balance due English was $418.75 on the final accounting of the transaction; and that under instructions from Noe he issued three checks to English totaling $325, leaving a balance of $93.75 due on the account.

That English purchased the drilling outfit from Noe for $685 seems beyond question. The appellant contends there is no competent evidence tending to show the purchase of the rig other than that advanced by her. We think otherwise, for the proof for the appellee shows an entirely different situation. When we entertain no more than a doubt as to the correctness of the chancellor's ruling, which is the case here, it is our policy to affirm that ruling.

Judgment affirmed.